IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CR-213-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MERVIN SYLVESTER BOGLE<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | SCHEDULING ORDER |

The attorneys are ORDERED to conduct a pre-trial conference on or before **November 5, 2026**. Local Criminal Rule 16.1(b).

All pretrial motions, including motions to compel discovery, motions to suppress, and motions under Rules 7, 8, 12, 13, 14, 16, and 41 of the Federal Rules of Criminal Procedure, shall be filed no later than **November 19, 2026.** Responses to motions shall be filed no later than **December 3, 2026.** Untimely motions and motions filed in disregard of Local Criminal Rules 12.2 and 16.1, may be summarily denied. Motion hearings, as necessary, shall be conducted by a district or magistrate judge in advance of trial.

This case is set for arraignment and trial on the term of court commencing on **December 15, 2026,** before the court, in New Bern, North Carolina. Where trial is anticipated and the parties do not contemplate need for delay between arraignment and trial, as permitted by the Speedy Trial Act, 18 U.S.C. § 3161(h), counsel for each party shall file with the clerk and transmit electronically to Judge Flanagan on or before **seven days prior to date of arraignment** (1) a list of voir dire questions as required by Local Criminal Rule 24.2; and (2) requests for jury instructions[1]. Local

[1] If the parties fail to file proposed voir dire and jury instructions by the deadline set herein, this

Criminal Rule 24.1. The electronic copies shall be transmitted in WordPerfect or Word format to **Documents_Judge_Flanagan@nced.uscourts.gov**.

Any motion in limine shall be filed not later than **seven days** prior to the start of trial where the question or issue bearing on admissibility of evidence reasonably can be contemplated in advance. Where "on a party's motion, the court may hold one or more pretrial conferences to promote a fair and expeditious trial[,]" Fed. R. Crim. P. 17.1, the parties are encouraged to move for such conference if deemed appropriate.

Pursuant to Local Criminal Rule 57.6, if a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager and request training from the court's information technology staff for the person or persons who will be operating the courtroom technology. Unless excepted by the clerk, no later than 7 days before the scheduled proceeding, counsel must file a certification provided by the court's technology staff that training has been completed.

Counsel should review all related documentation appearing on the court's website,[2] including information concerning the proper formatting of electronic evidence.[3] It is incumbent upon counsel to alert the Case Manager at (252) 638-8534 of any issues pertaining to evidence

---

evidences to the court that the parties are not prepared to proceed to trial at the time of arraignment owing to their own trial preparation needs. In such instances, trial date certain and deadlines for submission of voir dire and jury instructions will be set by Judge Flanagan at administrative conference with counsel following arraignment.

2 http://www.nced.uscourts.gov/attorney/crtech.aspx

3 All electronic evidence must be in the following formats: 1) Documents and Photographs: .pdf, .jpg, .bmp, .tif, .png, or .gif and Microsoft Office compatible formats; 2) Video and Audio Recordings: .avi, .wmv, .mpg, mpg4, .mp3, .wma and .wav. Counsel will use their own presentation devices (e.g., laptop or tablet) to display electronic evidence on the courtroom presentation system and provide the court with a Universal Serial Bus ("USB") flash drive of any evidence presented. Digital Video Discs ("DVDs") or other disc media should be considered a deprecated method of evidence presentation and will require an external drive, not supplied by the court.

presentation and compatibility of evidence with courtroom technology.

Any request for a continuance of arraignment and trial must recite a basis for good cause to enable the court to make Speedy Trial Act findings pursuant to 18 U.S.C. § 3161(h), and it must be filed not later than seven days prior to arraignment. A continuance request failing to meet these requirements, absent extenuating circumstance, summarily may be denied.

SO ORDERED, this the 16th of October, 2026.

LOUISE W. FLANAGAN
United States District Judge